BLD-381                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3412
_____

IN RE:  HUBERT JACKSON,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 13-cv-01301)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 18, 2014
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  September 30, 2014)
_____

OPINION
_____

PER CURIAM

Hubert Jackson, proceeding pro se, has filed a petition for a writ of mandamus

seeking to compel the District Court to "make a de novo determination of those portions

of the [Magistrate Judge's] Report [and Recommendation] to which [his] timely

objections were made."  For the following reasons, we will deny the mandamus petition.

In September 2013, Jackson filed a complaint under 42 U.S.C. § 1983 in the

United States District Court for the Western District of Pennsylvania.  He alleged that he

is being held in prison on the basis of seven void court commitment forms, rather than lawful sentencing orders, issued between 1988 and 1989. A Magistrate Judge recommended that the complaint be dismissed sua sponte, without leave to amend, under the Prison Litigation Reform Act, for failure to state a claim.[1] Over Jackson's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint with prejudice under 28 U.S.C. § 1915A. Jackson appealed, and that case, docketed at C.A. No. 13-4720, remains pending before us. Meanwhile, Jackson filed a mandamus petition in this Court, seeking to challenge the District Court's dismissal of his complaint. Specifically, Jackson argues that the District Court failed to use a de novo standard to review those portions of the Report and Recommendation to which he objected. See 28 U.S.C. § 636(b)(1).

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

---

[1] In particular, the Magistrate Judge concluded that Jackson's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), the applicable statute of limitations, and absolute judicial immunity.

The circumstances here are not extraordinary, and Jackson has failed to show that he has no other adequate means to challenge the District Court's dismissal of his claims. In fact, he has already availed himself of the proper means for seeking relief: his pending appeal from the District Court's order adopting the Magistrate Judge's Report and Recommendation and dismissing his complaint. Any claims of error regarding the District Court's application of the de novo standard of review may be set forth in that appeal. Jackson may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). We will therefore deny the petition.